Samarakoon Mudiyanselage v. Lynch

BIA
Sichel, IJ
A099 938 760

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

UPUL CHAMINDA ABEYR SAMARAKOON
MUDIYANSELAGE,
> *Petitioner,*

> v.                                    13-3872
>                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Nitin Kaushik, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Stephen J. Flynn, Assistant
                         Director; Robert Michael Stalzer,
                         Trial Attorney, Office of
                         Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Upul Chaminda Abeyr Samarakoon Mudiyanselage, a native and citizen of Sri Lanka, seeks review of a September 16, 2013 order of the BIA, affirming the August 22, 2012 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and Convention Against Torture ("CAT") relief, and denying Samarakoon Mudiyanselage's motion to remand. *In re Samarakoon Mudiyanselage*, No. A099 938 760 (B.I.A. Sept. 16, 2013), *aff'g* No. A099 938 760 (Immig. Ct. N.Y.C. Aug. 22, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510,

2

513 (2d Cir. 2009); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

I.   Denial of Asylum and Related Relief

To establish eligibility for asylum, an applicant like Samarakoon Mudiyanselage, who does not allege past persecution, must demonstrate a well-founded fear of future persecution.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006).  To demonstrate a well-founded fear of future persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Hui Shao* v. Mukasey, 546 F.3d 138, 162 (2d Cir. 2008).

The agency reasonably found that Samarakoon Mudiyanselage failed to establish that his fear of persecution by the Sri Lankan government was objectively reasonable, despite his credible testimony.  *See Jian Hui Shao*, 546 F.3d at 162.  First, the agency reasonably relied on Samarakoon Mudiyanselage's lack of evidence.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).  Although he testified that his mother received visits from

3

Sri Lankan officials who told her that he would be killed if he returned, Samarakoon Mudiyanselage provided no additional support and points to nothing in the record to establish his claim.  Samarakoon Mudiyanselage also testified that he has heard from media reports that army deserters who returned to Sri Lanka were abducted and killed by the defense ministry, but did not submit any of those media reports.

The agency also reasonably found that Samarakoon Mudiyanselage's country conditions evidence, particularly the 2010 and 2011 State Department reports, did not support his claim.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006).  While the country reports do show that the Sri Lankan government has engaged in a high number of kidnappings and extrajudicial killings, they also state that most of the Sri Lankan government's victims were former Liberation Tigers of Tamil Eelam ("LTTE") members, presumed LTTE sympathizers, and Tamils – not army deserters.

Because Samarakoon Mudiyanselage failed to demonstrate a well-founded fear of persecution, he necessarily failed to meet the higher burden required for withholding of removal or CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

4

## II. Motion to Remand

We hold the BIA's denial of a motion to remand that relies on new evidence to the substantive standard for motions to reopen. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156-57 (2d Cir. 2005). We review the BIA's denial of a motion to remand or reopen for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam). The BIA has "broad discretion" in reviewing a motion to remand based on new evidence. *See INS v. Doherty*, 502 U.S. 314, 323 (1992).

Here, the BIA did err in relying on the date of the IJ's written decision and not the date of Samarakoon Mudiyanselage's last hearing before the IJ in finding that the media report was not previously available. *See* 8 C.F.R. § 1003.2(c)(1). The last merits hearing in Samarakoon Mudiyanselage's case was held in November 2011, and the media report, from May 2012, was not available at that time. Nevertheless, the BIA considered Samarakoon Mudiyanselage's motion on the merits, and reasonably found that the media report would not alter the outcome of his proceedings if they were reopened. *See Sanusi v. Gonzales*, 445 F.3d 193, 201 (2d Cir. 2006). The media report states that the Sri Lankan government arrested over 36,400 deserters and dealt

5

with them pursuant to "military law."  It does not prove that returning army deserters are abducted and killed, as Samarakoon Mudiyanselage testified.  Moreover, the article also does not prove that the punishment for deserting army members constituted persecution and not prosecution under a generally applicable law.  *See Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010).  Accordingly, the BIA did not err in denying Samarakoon Mudiyanselage's motion to remand because the new evidence he submitted would not alter the outcome of his proceedings if they were reopened.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6